Judge Coalter,
delivered the opinion of the Court.
The Court is of opinion, that the only question for the consideration of the Court, on a demurrer to evidence, is, whether the evidence supports the issue, or not; and the judgment is, that it does, or does not, support it. After the demurrer is joined, the jury may either be discharged, and (if the judgment be that the evidence does support the issue,) a writ of enquiry of damages is awarded; or the jury then impannelled may go on to assess conditional damages.
But in either case, the question is with the jury, not with the Court, as to the question of damages, subject, as in all other cases, to the superintending control of the Court, to grant a new trial in case the damages are excessive. That, however, rests with the Court, before whom the trial was had, and that, too, upon a motion to that Court, for a new trial; there being no case in which that Court is bound, ex mero motu, and without motion, to grant a new trial, and subject the defendant, without his consent, to greater damages. The appellate Court cannot grant such new trial; for that would be to reverse the judgment of an inferior Court, on a motion for a new trial here, which was not *519 made to that Court, and of course, on a matter in which that Court committed no error.
The Court is further of opinion, that the evidence in this ease did support the issue, on the part of the appellee; and if there was nothing else in the case, the judgment of the J ° Superior Court of Law, affirming that of the County Court, would he affirmed here.
But the Court is further of opinion, that the judgment of the County Court is not only very erroneous and imperfect, in point of form, but is fatally so in point of substance; it being a personal judgment against the appellant; and without deciding whether it ought to be reversed for error in form, were that the only error, it must be reversed for llie latter reason, with costs.
After this decision was made, Johnson, for the appellee, suggested to the Court, that, the judgment in the record was probably the entry on the minute book of the County Court, and ought to bo considered as a judgment against the appellant, as administrator; and made a motion, the exact purport of which will be seen in the following opinion:

November 3.

Judge Coaltee,
delivered the opinion of the Court.
The Court having given an opinion that both judgment* must he reversed, because that, of the County Court was personal against the appellant, which is in these words; “ Judgment is therefore granted for three hundred and fifty-eight pounds, four shillings and ten pence, Maryland currency, equal to two hundred and eighty-six pounds, eleven shillings and ten pence, Virginia currency, damages, together with interest, &c. and the costs.” It was urged by the counsel for the appellee, that, this was probably the entry on the minute book of the County Court, and ought to be considered as a judgment against the appellant, as administrator; inasmuch as the clerk was justified, by that *520 minute, to mould'the judgment into proper form; and that jf j^is could not be done, so as to affirm that judgment, in the form set out, a certiorari, or some other proceeding, ought to be resorted to,- in order to have that judgment moulded into proper form, &c.
To support this application, the cases of Cogbill v. Cogbill, 2 H. & M. 477, and Cahill v. Pintony, 4 Munf. 371, were cited, to shew that this Court might resort to the original minutes of a County Court, in order to correct the judgment thereby.
The-first of these cases does not seem to support the application. There the difference existed between the minute book, and order book, of the District Court, and the application to correct the latter by the former was refused, and the power of the District Court to do so, after the term, was denied by a majority of the Court.
In the latter case, the only error in the cause arose on a bill of exceptions to the admission of a deposition, as evidence to the jury. Had that deposition been actually read to the jury, there would have been error in the proceedings; but it was said that it was withdrawn by the party offering it, and never had been seen or heard by the jury: that this appeared from the record itself; and that, therefore, the bill of exceptions had nothing to do with the case. There was some ambiguity, however, in the record; and it was contended, on the other hand, that this was a mere certificate of the clerk, and formed no part of the proceedings or minutes of the Court. I find a memorandum taken by me of that case, in these words: “The memorandum of the tender of exceptions, &tc. which precedes the exceptions, we must presume, was put on the minutes, and from that we might fairly conclude, that the after part, relative to the withdrawal of SpiHng’s deposition, was also placed on the minutes, and is a continuance of the minute as to the exceptions. Judge Roane, however, doubting this, and as it may be, as he supposes, a mere certificate of the clerk, (in which case it would form no part of the *521 record, it is agreed, that a copy of the minute shall be sent for; and if it is not a part thereof, the judgment to be reversed; otherwise affirmed.”
I have no recollection, whether it was agreed by the parties, or by the Judges, to send for a copy of the minutes. But in either ease, the object was not to alter or amend them, but merely to ascertain a doubt, arising on the record, concerning which we could not agree, whether the withdrawal of the deposition was a matter of record, or a mere gratuitous certificate of the clerk.
The case of Williams'’ executor, &c. v. Strickler, 3 Call, 231, is much like this case. That was a suit against an executor, and the judgment affirmed by the District Court was, as in this case, personal against the executor. The appellee, after the cause was brought here, obtained a copy of the judgment from the County Court, which was de bonis testatoris; but the District Court, without sending a certiorari to have the true judgment brought up, or without correcting the judgment before them, had affirmed it. This Court proceeded to reverse that judgment; but on the motion of the appellee, sent the cause back to the District Court, for that Court to obtain by certiorari, or otherwise, a true transcript of the record.
Suffice it in this case to say, that we know not whether a better record can be had or not; and that, moreover, it may not always be proper, and I think it would not be proper in this case, to send the cause back for that purpose.
It might subject the appellant to damages pending the appeal here, when he has prevailed.
The judgment formerly directed, ought, therefore, to be entered.